IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI, | |
| Plaintiff, | 4:23CV3169 |
| vs. | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Lauree Jankowski filed a Complaint on September 7, 2023, while she was incarcerated. Filing No. 1. Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023. Filing No. 12. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff sues the Equal Employment Opportunity Commission ("EEOC") "in the manner of a FTCA Federal Tort Claim" for damages based on the EEOC's alleged failure to "thoroughly investigate [Plaintiff's] claims of discrimination." Filing No. 1 at 11, 13 (spelling corrected). In August 2021, Plaintiff reported to the EEOC her mistreatment by her previous employer, the Nebraska Department of Correctional Services ("NDCS"), as well as her inability to find suitable replacement employment with any of the other law enforcement agencies to which she applied. Id. at 4–11. Plaintiff received a letter from the EEOC on June 14, 2023, "claiming that [Plaintiff's] claims were unfounded because NDCS did not provide unfavorable employment references." Id. at 11. Plaintiff then "submitted a substantial weight review to the EEOC St. Louis District office with

attestation of new evidence on [June 15, 2023]," but EEOC investigators "ignored [Plaintiff's] input and issued a dismissal of charges on [July 25, 2023]." *Id*. at 12–13 (capitalization altered).

Plaintiff attests:

> [The] EEOC only performed a perfunctory review of my allegations, with no in-depth consideration of facts in the scale and scope of mass [b]lackout of service and total withholding of any form of employment in the State of Nebraska, and accepted material data at face-value. I allege that this simplistic perspective of immense and life-altering events is a disservice intended to inflict distress and damages by withholding access to public investigatory services for sexual discrimination due to my victimization at the whim and discretion of law enforcement officials, of whom I attempted to seek fraternity and aid from rampant gross sadism, neglect, and sexual violence.

*Id*. at 13. Plaintiff further alleges "these actions of neglect by the EEOC have violated [her] constitutional rights" under the First, Ninth, Thirteenth, and Fourteenth Amendments. *Id*. at 14–15.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[

] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Plaintiff sues the EEOC under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for damages based on their alleged failure to adequately investigate her claims of employment discrimination. The EEOC is empowered to investigate employment discrimination claims and facilitate resolution if possible. See 42 U.S.C. § 2000e-5 (Title VII). If it is unable to resolve the matter, the EEOC will issue a right-to-sue notice. After receiving an EEOC right-to-sue notice, individuals are authorized to pursue their claims further by filing suit in the proper United States district court against the employer. 42 U.S.C. § 2000e-5(f)(1). Here, Plaintiff alleges she filed a charge of discrimination

against her former employer and, perhaps, potential employers, and she received a "Determination of Charge," which the Court assumes is a right-to-sue notice. Filing No. 1 at 1. Instead of filing this action against her employer,[1] Plaintiff sued the EEOC for damages arising out of its allegedly faulty investigation. For the reasons that follow, Plaintiff's FTCA claim against the EEOC must be dismissed.

The doctrine of sovereign immunity provides that the United States is immune from suit absent an express waiver by Congress. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411–12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the Court lacks jurisdiction to entertain the offending suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A party bringing a cause of action against a sovereign bears the burden of demonstrating an unequivocal waiver of immunity. *Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 685–86 (8th Cir. 2011).

The EEOC is a federal agency of the United States created pursuant to 42 U.S.C. § 2000e-4. "As an agency of the federal government, the EEOC cannot be sued unless Congress has waived sovereign immunity for the type of claim made." *Schwenke v. U.S. Equal Emp. Opportunity Comm'n*, No. 3:09-CV-105, 2011 WL 13300557, at *3 (D.N.D. Mar. 22, 2011) (citing *Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010)).

---

[1] The Court notes that Plaintiff did file a separate action against her former employer, NDCS, based on the same charge of discrimination at issue here, which is still pending. *See Jankowski v. Nebraska Department of Correctional Services*, No. 4:23-cv-03168-JFB-PRSE (D. Neb.) (Filing No. 1).

Subject to certain exceptions, Congress has waived sovereign immunity for tort actions governed by the FTCA. "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" Barnes v. U.S., 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, the United States is the only proper defendant in an action asserting a FTCA claim. See 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); F.D.I.C. v. Meyer, 510 U.S. 471, 476–77 (1994); Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir. 2002). Because Plaintiff only names the EEOC as a defendant in this matter, the Court lacks subject matter jurisdiction to consider her claims under the FTCA against the EEOC.

Notwithstanding the improperly named defendant, section 2675(a) of the FTCA also provides that:

> "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

Mader v. U.S., 654 F.3d 794, 797 (8th Cir. 2011) (quoting 28 U.S.C. § 2675(a) and McNeil v. United States, 508 U.S. 106, 112 (1993)).

Though Plaintiff alleges she has "thoroughly exhausted all available grievance and appropriate reporting procedures at every available outlet to seek relief and

appropriate recourse for the violence [she's] been subjected to," Filing No. 1 at 3 (spelling and punctuation corrected), the only facts Plaintiff alleges regarding exhaustion is that she filed a charge of discrimination against her employer with the EEOC. Plaintiff's filing of an EEOC charge against her employer is insufficient to provide notice to the EEOC of her claims for damages against it, nor is there any indication that the EEOC ever denied Plaintiff's claim for damages. As it stands, Plaintiff's allegations fail to show that she has exhausted her administrative remedies for her claim against the EEOC, and the Court lacks jurisdiction to consider it. *See Schwenke*, 2011 WL 13300557, at *4 (dismissing pro se plaintiff's FTCA claim against the EEOC for failure to exhaust where plaintiff had only filed EEOC charge against his employer).

Lastly, Plaintiff also claims that the EEOC's actions have violated her constitutional rights. However, Congress has never authorized constitutional tort claims under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Thus, Plaintiff's claims of violations of her rights under various constitutional amendments are not actionable under the FTCA.

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a plausible FTCA claim against the EEOC upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) without prejudice.

IT IS THEREFORE ORDERED that:

1. The Complaint, Filing No. 1, is dismissed without prejudice.

2. The Court will enter judgment by separate document.

Dated this 13th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge